**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4243**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TOMAS ALVAREZ-ALVAREZ,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, Senior District Judge. (1:17-cr-00266-TSE-1)

Submitted: October 23, 2018               Decided: October 25, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Shannon S. Quill, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Evan Palmer Clark, Special Assistant United States Attorney, Michael David Minerva, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tomas Alvarez-Alvarez pled guilty, without a plea agreement, to illegal reentry after deportation or removal, in violation of 8 U.S.C. § 1326(a) (2012). The district court sentenced Alvarez to 14 months' imprisonment, a term one month below the 15- to 20-month Guidelines range, and one year of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the reasonableness of Alvarez's sentence. Although advised of his right to do so, Alvarez has not filed a pro se supplemental brief. The Government declined to file a brief. After a thorough review of the record, we affirm.

We review Alvarez's sentence for procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 208 (2017). First, we "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we must also consider the substantive reasonableness of Alvarez's sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal

quotation marks omitted). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*.

Here, the court correctly calculated Alvarez's advisory Guidelines range, heard argument from counsel, provided Alvarez an opportunity to allocute, and considered the § 3553(a) sentencing factors. Because Alvarez has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *Louthian*, 756 F.3d at 306. We conclude that Alvarez's term of imprisonment is both procedurally and substantively reasonable.

Turning to Alvarez's challenge to the term of supervised release, as Alvarez neither requested a lower term of supervised release than that imposed nor requested that no term of supervision be imposed, we review this issue for plain error. *See United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). In the sentencing context, an error affects a defendant's substantial rights if the defendant demonstrates that the sentence imposed "was longer than that to which he would otherwise be subject." *United States v. Washington*, 404 F.3d 834, 843 (4th Cir. 2005) (internal quotation marks omitted); *see also United States v. Hughes*, 401 F.3d 540, 548 (4th Cir. 2005) (sentencing error affects substantial rights if sentence is longer than defendant would otherwise have received).

3

Here, we conclude that Alvarez has failed to demonstrate that the court's failure to conduct an individualized assessment with regard to supervised release resulted in a term longer than that to which he would otherwise have been subject.

Accordingly, we affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Alvarez, in writing, of the right to petition the Supreme Court of the United States for further review. If Alvarez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Alvarez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*